## H. C. Patterson v. The State.

No. 16144.   Delivered November 22, 1933.
Reported in 65 S. W. (2d) 305.

The opinion states the case.

*Schlesinger & Schlesinger,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

Examination of this record discloses a rather peculiar situation. The case went to trial at the October Term, 1932. It appears from the record that on the 5th of November, 1932, this case was then on trial. The trial court entered an order reciting that the case could not be concluded at said term without an extension thereof, and it was ordered by the court that the term of court be extended until such time as the court shall have completed the trial of said cause. No more definite date was fixed for adjournment. Appellant's motion for new trial was filed the same day that said order was entered. The amended motion for new trial was filed on March 3, 1933, nearly four months after the motion for new trial was filed. The motion for new trial was overruled on the 10th of March, 1933, and on the 11th of March the court entered his formal order of

adjournment. The record shows that on the first day of April, 1933, appellant in open court entered into a recognizance. The trial term of court having adjourned, appellant should have entered into his bail bond as provided in article 818, C. C. P.

Another matter is observed in this record which we deem worthy of note. The record fails to exhibit the charge of the court. There appears in the record a statement by the district clerk of Bexar county certifying that he holds the receipt of the attorneys for this appellant, for the court's charge and the special charges, and the defendant's exceptions to the court's charge. We can not accept such statement as satisfactorily accounting for the failure of the charge to appear in the record. The names of the attorneys having possession of such papers appear in the certificate of the clerk. It is the power and duty of the trial court, upon the request of the district clerk, or the state's attorney, to enter an order directing the return of said papers to the office of the district clerk, and to hold said attorneys for appellant in contempt if they do not return same. This court can not hold, upon the showing made, that the papers are lost, and unless some effort is made to correct the record in this matter, either by substitution or the procuring of such withdrawn papers, a very serious question would be presented.

Because of the fact that no proper bail bond appears in the record and this court is hence without jurisdiction, the appeal is dismissed.

*Appeal dismissed.*